United States District Court
Southern District of Texas
**ENTERED**
February 22, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JOHN M. GARCIA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:14-CV-373 |
| § | |
| MANAGEMENT TEAM-UTMB, *et al.*, § | |
| § | |
| Defendants. § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff John M. Garcia, a former Texas state prisoner in the custody of the Texas Department of Criminal Justice ("TDCJ"), filed a *pro se* civil rights complaint while incarcerated (Dkt. 1). He is proceeding *pro se* and *in forma pauperis* (Dkt. 8). Garcia proceeds under 42 U.S.C. § 1983 and complains that he received Constitutionally inadequate medical treatment at TDCJ's Terrell Unit and at the University of Texas Medical Branch at Galveston ("UTMB"). Garcia alleges that medical providers at the Terrell Unit and UTMB repeatedly ignored his complaints of severe abdominal pain and refused to treat him.[1] He has not sued any specific UTMB or TDCJ personnel; his complaint only lists as defendants the "Management Team—UTMB" and the "C.T. Terrell UTMB Team" (Dkt. 1 at p. 3).

---

[1] Judge Hoyt dismissed Garcia's claims against providers at the Holliday and Byrd Units and in Travis County (Dkt. 7).

The Court requested a *Martinez* report[2] from the Texas Attorney General's office, which the Attorney General's office provided (Dkt. 14). The Court construed the *Martinez* report as a motion for summary judgment and notified Garcia of that construction (Dkt. 15). Garcia never responded and has presented no summary judgment evidence.

After reviewing all of the evidence submitted, the parties' briefing, and the applicable law, the Court concludes that the defendants' motion for summary judgment must be **GRANTED** for the reasons that follow.

I.     **BACKGROUND**

In his complaint, Garcia alleges that the "Management Team—UTMB" and the "C.T. Terrell UTMB Team" repeatedly refused to treat a hernia from which he was suffering, even after a doctor and a physician's assistant (neither of whom Garcia has named as a defendant) confirmed the hernia's existence (Dkt. 1 at pp. 3, 4, 6, 7). The Attorney General's *Martinez* report contains over 1,000 pages of medical records detailing the extensive medical care that UTMB and TDCJ provided to Garcia for a variety of conditions. The report also includes an affidavit from Dr. Steven Bowers, the Legal Coordinator for UTMB Correctional Managed Care, that specifically discusses the treatment of Garcia's hernia (Dkt. 14-7).

Garcia was seen by Dr. Kwabena Owusu in the Terrell Unit medical clinic for abdominal pain on April 24, 2013 (Dkt. 14-7 at p. 11). Garcia was not suffering from

---

[2] *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1987); *see also Cay v. Estelle*, 789 F.2d 318, 323 & n.4 (5th Cir. 1986) (discussing the utility of a *Martinez* report).

diarrhea or vomiting, and he was not in acute distress (Dkt. 14-7 at p. 11). His abdomen was soft with no rebound (Dkt. 14-7 at p. 11). Dr. Owusu made an urgent referral for an abdominal CT scan, gave Garcia medicine for his pain, and placed Garcia on "medically unassigned" status for 30 days (Dkt. 14-7 at p. 12).[3] Garcia was diagnosed with a ventral hernia (Dkt. 14-7 at p. 20). On September 3, 2013, Dr. Owusu gave Garcia a six-month pass for an abdominal binder, which Dr. Bowers describes as "a wide compression belt that encircles the abdomen and assists in alleviating pain" (Dkt. 14-7 at pp. 3, 14, 15). At the September visit, Dr. Owusu noted that Garcia had been "[s]een multiple times" and that "[a]ll image studies" on Garcia's abdomen were negative (Dkt. 14-7 at p. 14). Evidently, the abdominal binder was effective: at a clinic visit a month later, Dr. Marcus Hinkle and Nurse Deborah Henneberg noted that the "[a]bdominal binder seem[ed] to help with [Garcia's] ventral hernia discomfort (Dkt. 14-7 at pp. 20–21). Dr. Hinkle and Nurse Henneberg also examined Garcia's abdomen, which was soft and had no masses (Dkt. 14-7 at p. 20). In his affidavit, Dr. Bowers also points out that the chart from the October 2013 visit shows that "[Garcia's] weight had remained stable over several months and his lab was all essentially normal" (Dkt. 14-7 at p. 3).

---

[3] The Court takes judicial notice that TDCJ medical classification standards indicate that a "medically unassigned" inmate is an inmate who "should not be given a regular work assignment due to a medical condition." A medically unassigned inmate "may attend school or pre-release programs if approved by the provider."
*See http://tdcj.state.tx.us/divisions/cmhc/docs/cmhc_policy_manual/A-08.04_Attachment_A.pdf.*

## II. THE PLRA AND SUMMARY JUDGMENTS

### A. The PLRA

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party, like Garcia, proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

Garcia proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The Supreme Court has clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**B. Rule 56**

The defendants have filed a *Martinez* report, which the Court has construed as a motion for summary judgment. Federal Rule of Civil Procedure 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, the Court must determine whether the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Id.* at 322–23.

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an absence of a genuine issue of material fact. *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The

movant, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The movant may meet its burden by pointing out the absence of evidence supporting the non-movant's case. *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).

If the movant meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from those facts must be reviewed in the light most favorable to the non-movant. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only when both parties have submitted evidence of contradictory facts." *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (citation and quotation marks omitted). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the

non-movant must present specific facts which show the existence of a genuine issue concerning every essential component of its case. *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003). In the absence of any proof, the Court will not assume that the non-movant could or would prove the necessary facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See Love v. Nat'l Medical Enterprises*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F.Supp.2d 733, 745 (S.D. Tex. 2003). A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *Smith v. Southwestern Bell Tel. Co.*, 456 Fed. App'x 489, 492 (5th Cir. 2012) ("[W]e have repeatedly held that self-serving statements, without more, will not defeat a motion for summary judgment, particularly one supported by plentiful contrary evidence."); *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001); *In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000); *see also Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

Lastly, Rule 56 does not impose upon the Court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment; evidence not referred to in the response to the motion for summary judgment is not properly before the Court, even if it exists in the summary judgment record. *Malacara v. Garber*, 353 F.3d

393, 405 (5th Cir. 2003). Although Garcia is proceeding pro se, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a pro se party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992). Even a *pro se* plaintiff must specifically refer to evidence in the summary judgment record in order to put that evidence properly before the court. *Outley v. Luke & Associates, Inc.*, 840 F.3d 212, 217 (5th Cir. 2016).

### III. PRISONERS AND MEDICAL CARE

Garcia seeks relief under 42 U.S.C. § 1983 for what he says was Constitutionally deficient medical care. A prisoner may succeed on a claim under 42 U.S.C. § 1983 for inadequate medical care only if he demonstrates "deliberate indifference to serious medical needs" on the part of prison officials or other state actors. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The conduct alleged must "constitute an unnecessary and wanton infliction of pain" or "be repugnant to the conscience of mankind." *Id.* at 104–06 (quotation marks omitted). A prison official acts with the requisite deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

The deliberate-indifference test has both an objective prong and a subjective one. The prisoner must first prove objective exposure to a substantial risk of serious harm. *Gobert v. Caldwell*, 463 F.3d 339, 345–46 (5th Cir. 2006). To then prove subjective deliberate indifference to that risk, the prisoner must show both: (1) that the defendant was aware of facts from which the inference of an excessive risk to the prisoner's health

or safety could be drawn; and (2) that the defendant actually drew the inference that such potential for harm existed. *Farmer*, 511 U.S. at 837; *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). This is an "extremely high standard to meet"—*Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)—and, absent exceptional circumstances, it is not met by an incorrect diagnosis, unsuccessful medical treatment, acts of negligence, medical malpractice, or a prisoner's disagreement with his medical treatment. *Id.*; *Gobert*, 463 F.3d at 346. Rather, the prisoner must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009) (quotation marks omitted).

"Deliberate indifference is not established when medical records indicate that the plaintiff was afforded extensive medical care by prison officials." *Brauner v. Coody*, 793 F.3d 493, 500 (5th Cir. 2015) (quotation marks and brackets omitted). The Constitution does not require that prisoners receive optimal care, and the fact that a prisoner's medical treatment "may not have been the best that money could buy" is insufficient to establish a Constitutional claim. *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992); *see also Gobert*, 463 F.3d at 349 ("[D]eliberate indifference exists wholly independent of an optimal standard of care."); *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978) ("[The] plaintiff stated that he had not received 'optimum' or 'best' medical treatment. Were this the legal standard, a trial of the issues might be required.").

At bottom, the deliberate-indifference standard is designed to be stringent enough to separate acts or omissions that amount to intentional choices from those that are merely unintentionally negligent oversights. *Southard v. Tex. Bd. Of Criminal Justice*, 114 F.3d 539, 551 (5th Cir. 1997). To that end, it draws on the test for "subjective recklessness" used in criminal law, which "generally permits a finding of recklessness only when a person disregards a risk of harm of which he is aware" and does not permit such a finding based on mere "failure to alleviate a significant risk that [the person] should have perceived but did not[.]" *Farmer*, 511 U.S. at 836–40.

## IV. GARCIA HAS PRESENTED NO EVIDENCE OF DELIBERATE INDIFFERENCE.

Garcia claims in his original complaint that the defendants ignored his hernia. There is no evidence of this, and the defendants have provided evidence showing that Garcia received attentive care for his hernia that apparently assuaged Garcia's pain. Garcia points to no evidence that would establish that any medical provider refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs; and as a result his claims under Section 1983 must fail. *See Brewster*, 587 F.3d at 770.

## V. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The defendants' motion for summary judgment (Dkt. 14) is **GRANTED**, and all claims against them are dismissed with prejudice.

2. Any other pending motions are **DENIED** as moot.

The Clerk is directed to provide a copy of this order to the parties and to *amicus* counsel.

SIGNED at Galveston, Texas, on February 21, 2018.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE